UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ERIC JOHNSON,

                Plaintiff,

    - against -

RAY TENNYSON, et al,

               Defendants.

Civil Action No. 1:22-cv-05683-JMF

**[PROPOSED]**
**DEFAULT JUDGMENT**

      This action having been commenced by Plaintiff Eric Johnson ("Plaintiff") on April 26, 2021 by the filing of a civil Complaint against Defendants, Ray Tennyson ("Tennyson"), Ray Tennyson LLC ("RT LLC"), and Amazing Paint Party LLC ("APP") (collectively, "Defendants"); and,

      On October 14, 2022, the Honorable Jesse M. Furman having entered an order (Dkt. 36) that, *inter alia*, granted Defendants' counsel's motion to withdraw, ordered that if new counsel for RT LLC and APP did not appear by October 28, 2022, Plaintiff shall move to strike RT LLC's and APP's answers and to enter default judgment against them, and that if new counsel for Tennyson did not appear by October 28, 2022 or Tennyson did not file a letter indicating that he intends to defend the suit *pro se*, Plaintiff shall move to strike Tennyson's answer and to enter default judgment against him; and,

      RT LLC and APP having not had new counsel appear on their behalf by October 28, 2022; and,

      Tennyson having not had new counsel appear on his behalf or filed a letter indicating that he intends to defend the suit *pro se* by October 28, 2022; and,

1

As the Complaint recites, Plaintiff being the owner of copyright rights in and to a certain photograph registered with the U.S. Copyright Office under U.S. Copyright Registration No. VA 1-910-544; and,

This Court having considered the Complaint in this action, the Declaration of Alexander R. Malbin in support of Plaintiff's Motion to Strike Answers & Enter Default Judgment, together with the exhibits thereto, and Plaintiff's Proposed Default Judgment, it is hereby

ORDERED that Defendants' Answers (Dkt. 17-19) be stricken;

ORDERED that Plaintiff have judgment against Defendants in an amount to be determined by inquest; and it is further

ORDERED, ADJUDGED AND DECREED that:

1.  Defendants are found to be jointly and severally liable to Plaintiff for direct and contributory copyright infringement in violation of 17 U.S.C. § 501 *et seq.*;

2.  Defendant Tennyson is found to be liable to Plaintiff for vicarious copyright infringement in violation of 17 U.S.C. § 501 *et seq.;*

3.  Defendants Tennyson and APP are found to be liable to Plaintiff for falsification of copyright management information in violation of 17 U.S.C. § 1202;

4.  Defendants Tennyson and APP are found to be liable to Plaintiff for breach of contract;

5.  Defendant RT LLC is found to be liable to Plaintiff for Defendant APP's breach of contract liability under principles of successor liability;

6.  Defendants, and each of their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, be permanently enjoined and restrained from:

  i. reproducing, distributing, publicly displaying, or creating derivative works based upon, the Aaliyah Photograph[1], any substantially similar versions thereof, or any derivative works based thereupon;

  ii. inducing, causing, or materially contributing to any third party's reproducing, distributing, publicly displaying, or creating derivative works based upon, the Aaliyah Photographs, any substantially similar versions thereof, or any derivative works based thereupon;

  iii. engaging in any other activity constituting a direct, contributory, or vicarious infringement of the Aaliyah Photograph or of Plaintiff's right, title, and interest in and to the Aaliyah Photograph;

  iv. providing or distributing false copyright management information to induce, enable, facilitate, or conceal infringement of the Aaliyah Photograph or of Plaintiff's right, title, and interest in and to the Aaliyah Photograph;

  v. engaging in any other activity, including the effectuation of assignments or transfers of interests, formation of other corporations, partnerships, associations or other entities, or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2[i]-2[iv] above.

7. An inquest be conducted to determine the monetary awards which Defendants must pay to Plaintiff.

8. This Court retains jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any

---

[1] The term "Aaliyah Photograph" has the meaning ascribed to it in Plaintiff's Complaint (*see* Dkt. 2 ¶¶ 2, 18).

order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

      The Clerk of the Court is hereby directed to enter this default judgment without further action by the Court.

Dated: New York, New York
         November 22, 2022

                                            JESSE M. FURMAN, U.S.D.J.