**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

Eric Johnson,

                      **Plaintiff,**

          -against-

Ray Tennyson et al.,

                      **Defendants.**

1:22-cv-05683 (JMF) (SDA)

SCHEDULING ORDER FOR
<u>DAMAGES INQUEST</u>

**STEWART D. AARON, United States Magistrate Judge:**

      On November 22, 2022, Judge Furman entered an Order finding that Plaintiff is entitled to a default judgment against defendants Ray Tennyson, Ray Tennyson LLC and Amazing Paint Party LLC (collectively, "Defendants"). (Default J., ECF No. 40.) Thereafter, Judge Furman referred this case to me for an inquest into damages. (Referral Order, ECF No. 41.) Accordingly, it is hereby Ordered as follows:

      1.    Plaintiff shall serve Defendants and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment no later than December 14, 2022. Plaintiff shall include with such service a copy of this Order. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

      2.    Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure to his legal claim(s); should demonstrate how Plaintiff arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. <u>Each Proposed Finding of Fact shall be followed</u>

by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding.[1] To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the Complaint.

3. In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over Defendants, and jurisdiction over the subject matter.

4. Defendants shall send to Plaintiff's counsel and file with the Court their response, if any, to Plaintiffs' submissions no later than January 4, 2023.

5. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must

---

[1] Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate. Finally, the Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED.**

DATED:    New York, New York
          November 23, 2022

_____
STEWART D. AARON
United States Magistrate Judge