UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eric Johnson,

                Plaintiff,

    -against-

Ray Tennyson et al.,

                Defendants.

1:22-cv-05683 (JMF) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

    Before the Court is a motion by Plaintiff to seal four exhibits filed in support of the inquest on damages, which were produced by Defendants in a prior civil action and designated confidential. (Letter Motion, ECF No. 51.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

    The documents Plaintiff seeks to seal consist of two emails between potential licensors and defendant Amazing Paint Party setting forth Amazing Paint Party's "Paint Party Partners Terms and Conditions[;]" an email between a partner and Amazing Paint Party regarding the use of images for promotional purpose; and an email from a potential customer regarding the Venue Partnership Program. (*See* Malbin Decl., ECF No. 52, Exs. 17,18, 20, 22.) Plaintiff cites these documents in his Proposed Findings of Fact and Conclusions of Law to support his factual assertions that Defendants offered a "partner/licensee" program and a Venue Partnership Program and "purported to authorize their wholesale customers to use Infringing Works for promotional purposes." (Pl.'s Mem., ECF No. 47, at 12.)

    "The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

(1978) (footnotes omitted). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 476 (S.D.N.Y. 2021).

Once determined, the weight of the presumption of public access is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049); *see also Nixon*, 435 U.S. at 599 ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee*

*Antitrust Litig.*, No. 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (citing *Amodeo*, 71 F.3d at 1051).

The Court finds that the documents submitted in connection with the inquest on damages are judicial documents. *See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, MDL No. 1358 (SAS), 2013 WL 3531600, at *3 (S.D.N.Y. July 12, 2013) (finding documents submitted in conjunction with a motion to be "judicial documents"). However, the Court also recognizes Defendants' interest in protecting sensitive commercial information, including their Paint Partner Terms and Conditions and specific details regarding their Venue Partnership Program. Moreover, the terms of these programs were not integral to the Court's recommendation regarding damages, such that the presumption of access is afforded less weight. *See Amodeo*, 71 F.3d at 1048-49 (2d Cir. 1995) (noting that the weight of the presumption will vary depending on where on the "continuum" the confidential information falls, with the greatest weight given when the information "directly affect[s] an adjudication").

Balancing these interests, the Court finds that sealing Defendants' commercial information is warranted. Similarly, in order to protect the privacy of the individuals named in the emails who are not involved in this action, the Court finds that sealing the names and email addresses of those individuals is warranted. *See, e.g., Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp.*, Inc., No. 19-CV-09910 (ER), 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (privacy interests of nonparty individuals counseled in favor of redaction of their personally identifying information). However, Plaintiff's request to seal the entirety of the four exhibits is not narrowly tailored to serve these competing interests.

Accordingly, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. It is hereby Ordered that, no later than Thursday, March 16, 2023, Plaintiff shall file redacted versions of the four exhibits redacting the names and email address of the individuals communicating with Defendants and the portions of the exhibits that include the substance of Amazing Paint Party's "Paint Party Partners Terms and Conditions" and the details regarding the Venue Partnership Program.

**SO ORDERED.**

DATED:      New York, New York
            March 9, 2023

_____
STEWART D. AARON
United States Magistrate Judge